IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANN C. KERN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| vs. ) | |
| ) | |
| WILLIAM R. RADEZ, JR. ) | 1:07-... WTL |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES and REQUEST FOR JURY TRIAL

The Plaintiff, Ann C. Kern, by counsel, complains of the Defendant, William R. Radez, Jr., as follows:

### JURISDICTION

1. The Plaintiff is a resident of Tulsa, Oklahoma.

2. The Defendant is a resident of Indianapolis, Marion County, Indiana.

3. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

4. The Court has jurisdiction over this matter in accordance with 28 USC §1332 by reason of the diverse citizenship of the parties.

### FACTUAL ALLEGATIONS

5. The Defendant, William R. Radez, Jr. (hereafter "Radez") is an attorney at law licensed to practice in the State of Indiana at all times relevant herein.

6. The Plaintiff, Ann C. Kern, is the surviving daughter of Theodore F. Holland, Deceased.

7. On or about December 12, 2001, Theodore F. Holland and Barbara R. DeMasie executed a Prenuptial Agreement, a true and accurate copy of which is attached hereto as Exhibit "A".

8. The Prenuptial Agreement provided, inter alia, that in the event of the death of Theodore F. Holland prior to the death of Barbara R. DeMasie, Barbara R. DeMasie would receive

only such "Marital Property" as that term was defined in the Prenuptial Agreement and jointly owned property in which Theodore F. Holland held an interest at the time of his death and such property as Theodore F. Holland my devise to Barbara R. Holland by his will.

9. In the Prenuptial Agreement, the property of Theodore F. Holland and Barbara R. DeMasie held by them prior to their marriage was to remain their separate property and not subject to division in the event of a termination of the marriage. Such property was defined in the Prenuptial Agreement as "Separate Property".

10. Subsequent to the execution of the Prenuptial Agreement, Barbara R. DeMasie was married to Theodore F. Holland and became known as Barbara Holland.

11. On or about February 25, 2002, Theodore F. Holland and Barbara Holland created The Holland Family Trust (hereafter "Trust"), a revocable inter vivos trust established for the benefit of Theodore F. Holland, Barbara Holland and the residual beneficiaries named therein. A true and accurate copy of the Trust is attached hereto as Exhibit "B".

12. The Trust document and related documents were prepared by Radez at the request of Theodore F. Holland and Barbara Holland.

13. Theodore F. Holland died on December 30, 2004.

14. Pursuant to the terms of the Trust, all marital property of the settlors was to be part of the "marital trust estate" and all of Theodore F. Holland's and Barbara Holland's separate property transferred to the Trust was to be called the "separate trust estate" with reference to the contributing settlor.

15. A "Schedule of the Separate Trust Property for Theodore F. Holland" was created and signed by both Theodore F. Holland and Barbara R. DeMasie designating the separate trust property of Theodore F. Holland. A true copy of the "Schedule of the Separate Trust Property for Theodore F. Holland" is attached hereto as Exhibit "C".

16. Pursuant to the terms of paragraph 3.5 the Trust, at the death of the first spouse/settlor the Surviving Spouse's share of the "marital trust estate" and the Surviving Spouse's separate

trust estate assets of the Trust were to be distributed to the Surviving Spouse's Trust established in Article 4 of the Trust.

17. Pursuant to the terms of paragraph 3.6 of the Trust, the balance of the Deceased Spouse's share of the "marital trust estate" and the Deceased Spouse's separate trust estate assets of the Trust were to be distributed to the Family Bypass Trust created under Article 5 of the Trust.

18. Pursuant to the provisions of Article 5, paragraph 5.1.1.2.2 the residual beneficiaries of the Family Bypass Trust are the five (5) children of Barbara R. DeMasie by her first marriage and Ann C. Kern to be divided equally or per stirpes to their issue.

19. The provisions of Article 5, paragraph 5.1.1.2.2 are in direct contravention of the estate plan of Theodore F. Holland.

20. The estate plan of Theodore F. Holland was to allocate his separate property owned prior to his marriage to Barbara R. DeMasie to Ann C. Kern which intent is demonstrated by the Prenuptial Agreement.

21. The Separate Trust Property of Theodore F. Holland is believed total over $700,000 while the Separate Trust Property of Barbara Holland is believed to be approximately $250,000.

22. The effect of paragraph 5.1.1.2.2 of the Trust is to deprive Ann C. Kern of 5/6 of her father's Separate Trust Property in direct contravention of his stated estate plan.

23. At all times pertinent hereto and particularly at the time that he was drafting the Trust for Theodore F. Holland, Radez was fully aware and cognizant of the estate planning wishes and desires of Theodore F. Holland and, in particular, that Theodore F. Holland's Separate Trust Property, should devolve to Ann C. Kern in total.

24. Following the death of Theodore F. Holland, Radez represented the Estate of Theodore F. Holland and the Trust as their legal counsel. During the course of this representation he met with and spoke with the beneficiaries and, in particular, Ann C. Kern regarding the distribution plans of the Trust and Theodore F. Holland's will.

25. The representations and statements of Radez were that it was his understanding and belief that Ann C. Kern would receive the total of her father's separate trust property with all accretions thereto at the death of Barbara Holland.

26. At a point in time prior to February 26, 2007, Ann C. Kern became aware that Barbara Holland and her children believed that paragraph 5.1.1.2.2 of the Trust applied as written and that Ann C. Kern would share in only 1/6 of Family Bypass Trust.

27. Ann C. Kern confronted Radez with this information and upon further investigation, Radez admitted sometime in late 2006 that he had improperly drafted the Trust and that it did not comply with her father's stated wishes.

28. Radez's representation continued until approximately February 26, 2007 when he withdrew following his discovery and conclusion that he had erred in the preparation of the Trust documents. A copy of Radez's letter of resignation is attached as Exhibit "D".

29. Ann C. Kern is a third party beneficiary of the representation of Theodore F. Holland, the Trust and the Estate of Theodore F. Holland by Radez.

30. Radez owed Ann C. Kern a duty of reasonable care in his representation of Theodore F. Holland, the Trust and the Estate of Theodore F. Holland.

31. Radez breached his duty of reasonable care to Ann C. Kern by his negligent preparation of the Trust documents.

32. Ann C. Kern has been directly damaged by the negligence of Radez in that she has or will be deprived of approximately 6/7 of the Separate Trust Property of Theodore F. Holland, all accretions thereto prior to and upon the death of Barbara Holland and her rightful share of the Theodore F. Holland's interest in the marital trust estate through the operation of paragraph 5.1.1.2.2.

Wherefore, the Plaintiff demands judgment of the Defendant, William R. Radez, Jr. in an amount sufficient to compensate her for her losses, for costs of this action and for all other relief necessary and proper in the premises.

Respectfully Submitted,

_____
Richard A. Rocap, Attorney No. 6333-49

## REQUEST FOR JURY TRIAL

The Plaintiff, Ann C. Kern, by counsel, hereby requests trial by jury.

Respectfully Submitted,

_____
Richard A. Rocap, Attorney No. 6333-49

ROCAP WITCHGER LLP
6666 East 75th Street
Suite 410
Indianapolis, IN 46250
rar@rocap-witchger.com
Telephone: 317-577-5380
Facsimile: 317-577-5385